UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHNNY GREENE and MONICA GREENE,**
    Plaintiffs,

vs.                                                                                          No. 1:13-cv-00937-JAP/KBM

**BANK OF AMERICA, N.A., f/k/a/ BAC
HOME LOANS SERVICING, and
GREEN TREE SERVICING, LLC,**
    Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 12, 2014, Defendant Bank of America, N.A. (BANA) filed its fourth motion to dismiss Plaintiffs' lawsuit. *See* DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 43) (Fourth M2D). Unlike its three prior motions, this motion is directed at Plaintiff's SECOND AMENDED COMPLAINT FOR VIOLATION OF THE UNFAIR PRACTICES ACT (UPA), BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, PROMISSORY ESTOPPEL, AND THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) (Doc. No. 41) (SAC), which was filed April 23, 2014. Nonetheless, while styled as a motion to dismiss, BANA's Fourth M2D is largely an attempt to rehash issues already decided by this Court in its MEMORANDUM OPINION AND ORDER (Doc. No. 33) (April 7, 2014 MOO) granting in part and denying in part DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 23) (Third M2D).

For example, BANA once again argues that Plaintiffs' claims are precluded by the Home Affordable Modification Program (HAMP) and that BANA never guaranteed Plaintiffs a

1

permanent loan modification. Fourth M2D at 2. However, BANA does not provide any new authority to support either argument, ignoring the Court's prior decision. For the reasons described below, the Court declines to reconsider its prior decision and finds that BANA's arguments for dismissal of Plaintiffs' new claims lack merit. Thus, the Court will deny BANA's Fourth M2D.

## BACKGROUND

This lawsuit arises out of Plaintiffs' failed attempt to receive a loan modification under HAMP from BANA, their mortgage loan servicer. The Court will not restate the factual and procedural history of the case, which are delineated in detail in the April 7, 2014 MOO. In that decision, the Court dismissed Plaintiffs' RESPA claim, Plaintiffs' misrepresentation claim, Plaintiffs' claim that BANA breached the terms of the Note and Mortgage, and Plaintiffs' request for emotional distress damages based on BANA's alleged breach of the trial payment plan agreement (TPP). Additionally, the Court held that Plaintiff's first amended complaint contained sufficient factual allegations to make it plausible that BANA breached the terms of the TPP and violated the New Mexico Unfair Practices Act (UPA) by making false credit reports and by inducing Plaintiffs to enter the TPP.

After the Court entered these rulings, Plaintiffs sought and received permission to file a second amended complaint adding two claims that are closely associated with Plaintiffs' remaining breach of contract claim: (1) a claim for breach of the implied covenant of good faith and fair dealing and (2) a promissory estoppel claim. *See* PLAINTIFFS' MOTION TO AMEND THE COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2) (Doc. No. 35); APRIL 22, 2014 CLERK'S MINUTES (Doc. No. 39). In addition to these claims, which are supported by the factual allegations in the first amended complaint, and are more akin to new theories of liability

than novel counts, Plaintiffs amended the complaint to include allegations that BANA violated RESPA in August 2013, after this lawsuit was filed. In its Fourth M2D, BANA contends that the Court should dismiss four of the five claims against BANA under Fed. R. Civ. P. 12(b)(6) – Plaintiffs' Count II breach of contract claim, Plaintiffs' Count III breach of the implied covenant of good faith and fair dealing claim, Plaintiffs' Count IV promissory estoppel claim, and Plaintiffs' Count V RESPA claim. BANA acknowledges that the Court "has previously ruled that Plaintiff's [sic] UPA claim was sufficiently pled," and does not address this claim. Fourth M2D at 5.

## STANDARD OF REVIEW

### A. Motion to Dismiss

The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court should identify the adequately pleaded factual allegations contained in the complaint, disregarding unsupported legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, having identified the adequately pleaded claims, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint's "allegations must be enough

that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### B. Motion to Reconsider

The rules of civil procedure allow a party to object to an order or decision through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). If a party files a motion for reconsideration of a decision after the twenty-eight day deadline contained in Rule 59, as is the case here, the Court will treat it as a motion seeking relief from a judgment under Rule 60(b). *See id.* "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Id.*; *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). A Rule 60(b) motion is not an appropriate vehicle to revisit issues already addressed or advance arguments that could have been made at the time the original motion was briefed. *Van Skiver*, 952 F.2d at 1243 (refusing to address the merits of Plaintiff's Rule 60(b) motion to reconsider because the motion "basically revisit[ed], albeit in somewhat different forms, the same issues already addressed and dismissed by the court").

## DISCUSSION OF BANA'S ARGUMENTS

### A. Service of Process

As in the Third M2D, BANA briefly argues that the Court lacks jurisdiction because BANA was not properly served. Fourth M2D at 6. In its April 7, 2014 MOO, the Court explained that it had already denied this claim early in the lawsuit and would not revisit the issue. Despite this forewarning, BANA continues to ask the Court to find that it lacks jurisdiction over BANA. This is inappropriate and the Court cautions BANA to limit further motions to issues that have not been previously addressed.

### B. HAMP Preclusion

BANA also continues to assert that the Court must dismiss Plaintiffs' state law claims, which arise out of HAMP negotiations, because there is no private right of action under HAMP. The Court has already rejected this argument, and BANA has not provided any basis for reconsideration. To the contrary, BANA simply cut and pasted large sections of its Third M2D into its Fourth M2D without acknowledging or otherwise addressing the Court's reasons for allowing Plaintiffs' independent state law claims to proceed. This is sufficient reason alone for denying BANA's Fourth M2D.[1]

However, because it cited opinions from other federal circuits as persuasive authority in the April 7, 2014 MOO, the Court will briefly address BANA's repeated contention that New Mexico law, which this Court applies when exercising diversity jurisdiction, requires the dismissal of Plaintiffs' HAMP-related claims. First, the one New Mexico case cited by BANA, *Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 15 (N.M. Ct. App. 2012), does not support BANA's position. *See* April 7, 2014 MOO at 16-17. Moreover, BANA's argument – that HAMP, a federal program, somehow obliterates BANA's duties, imposed by state law, to honor contractual obligations and refrain from engaging in fraudulent behavior when dealing with mortgagors – sounds in preemption or preclusion and is at heart a federal issue. *See Olivares v. PNC Bank, N.A.*, No. 11–1626 ADM/JJK, 2011 WL 4860167, at *5 (D. Minn. Oct. 13, 2011) (reasoning that the viability of state law claims that are related to HAMP is an issue of preemption). The Court stands by its prior decision: BANA's request that this Court dismiss Plaintiffs' HAMP-related claims is based on "the novel [and unsupported] assumption that where

---

[1] BANA's practice of filing repeated motions, lifting sections of prior briefs, and raising the same arguments that were previously addressed causes the Court to wonder whether the decision to file a fourth motion to dismiss was motivated more by billing for legal services than the desire to assist the Court in understanding the legal issues.

Congress does not create a private right of action for violation of a federal law, no right of action may exist under state law, either." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581-82 (7th Cir. 2012); *see also* April 7, 2014 MOO at 16.

### C. Breach of Contract

In a section of the Fourth M2D, which is almost an exact word-for-word replica of the corresponding section of the Third M2D, BANA contends Plaintiffs' breach of contract claim must be dismissed with prejudice because the TPP did not entitle Plaintiffs to a loan modification. The Court incorporates its earlier reasoning by reference, April 7, 2014 MOO at 19-22, and reaffirms its conclusion that Plaintiffs' have stated a plausible claim based on BANA's alleged breach of the TPP. Thus, the Court will deny BANA's motion to dismiss Plaintiffs' Count II breach of contract claim.

### D. Emotional Distress Damages

BANA faults Plaintiffs for continuing to seek damages for mental anguish caused by BANA's alleged breach of the TPP, even though the Court dismissed Plaintiffs' breach of contract claim with prejudice to the extent Plaintiffs sought to recover emotional distress damages.[2] In response, Plaintiffs agree to withdraw the allegation concerning mental anguish, explaining that the reference to their emotional distress was inadvertently left in the SAC. Because there is no disagreement about the effect or extent of the Court's earlier order, the Court will deny BANA's request to dismiss Plaintiffs' claim for emotional distress damages caused by the breach of the TPP as moot. The Court notes that BANA could have alleviated any need to file this portion of the Fourth M2D, if it had consulted with Plaintiffs' counsel and determined whether the motion was opposed, as required by D.N.M. LR-Civ. 7.1

---

[2] Ironically, BANA accuses Plaintiffs of ignoring this Court's order. Fourth M2D at 9.

### E. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under New Mexico law, "every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract." *Sanders v. FedEx Ground Package Sys., Inc.*, 144 N.M. 449, 452 (2008). To demonstrate a breach of an implied covenant of good faith and fair dealing, a party must show "bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Cont'l Potash v. Freeport-McMoran*, 115 N.M. 690, 706 (1993), *cert. denied*, 510 U.S. 1116 (1994). The implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other party to receive the benefit of the agreement. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438 (1994).

Here, Plaintiffs allege that BANA acted in bad faith and violated the implied covenant of good faith and fair dealing by foreclosing on Plaintiffs while they were in compliance with the terms of the TPP, by accepting but refusing to apply Plaintiffs' mortgage payments, and by "failing to cooperate in fulfillment of the exchanged promise," *i.e.* by failing to grant Plaintiffs a permanent loan modification. SAC ¶¶ 92, 98, 101, 103-107.

Despite these allegations, BANA insists that Plaintiffs' Count III claim fails because Plaintiffs have not identified "any term in any contract that BANA allegedly breached." Fourth M2D at 14. The Court admits it is flummoxed by BANA's argument. Plaintiffs do not "simply make conclusory allegations that BANA breached the implied covenant by refusing to honor the terms of [some unidentified] contract." *Id.* Plaintiff identify specific actions they claim BANA has taken in contravention of the TPP, namely foreclosing, failing to apply payments, and refusing to offer Plaintiffs a permanent loan modification. Plaintiffs' claim for breach of an implied covenant of good faith and fair dealing contains "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Thus, the Court will allow Plaintiffs' Count III claim to proceed.

### F. Promissory Estoppel

In New Mexico, "the essential elements of promissory estoppel are: (1) An actual promise must have been made which in fact induced the promisee's action or forbearance; (2) The promisee's reliance on the promise must have been reasonable; (3) The promisee's action or forbearance must have amounted to a substantial change in position; (4) The promisee's action or forbearance must have been actually foreseen or reasonably foreseeable to the promisor when making the promise; and (5) enforcement of the promise is required to prevent injustice." *Strata Prod. Co. v. Mercury Exploration Co.*, 121 N.M. 622, 628 (1996).

BANA maintains that Plaintiffs have alleged insufficient facts to support the first or third element. Fourth M2D at 15 ("Plaintiffs fail to allege the promise that was made which induced their reasonable reliance. Further, Plaintiffs do not allege reliance on any statement by BANA or how their reasonable reliance amounted to a substantial change in position.") (internal citation omitted). The Court disagrees. Plaintiffs allege BANA made a variety of promises to Plaintiffs during loan modification negotiations, most significantly BANA promised to "modify [Plaintiffs'] home loan if they qualified under HAMP and followed the TPP contract." SAC ¶¶ 109-111. Furthermore, according to the SAC, Plaintiffs substantially changed their position in reliance on these promises by collecting the financial documents required for a modification, continuing to send reduced payments, and forgoing the opportunity to seek other financing. *Id.* ¶ 113. At this stage in the proceeding, the Court cannot say that Plaintiffs do not have a plausible claim for relief, therefore, the Court must deny BANA's motion to dismiss Plaintiffs' Count IV promissory estoppel claim.

### G. RESPA

Finally, BANA asks the Court to dismiss Plaintiffs' RESPA claim because Plaintiffs failed to allege any actual damages. The Court reminds BANA that Fed. R. Civ. P. 8(a) only requires a party asserting a claim to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8(a) does not require intricately detailed factual allegations. *Iqbal*, 556 U.S. at 678. Here, Plaintiffs allege that BANA's failure to provide timely notice of transfer under RESPA caused Plaintiffs to suffer damages "including the costs of seeking legal advice, the costs of bringing legal action, and added emotional distress . . . ." SAC ¶ 122. The Court has already ruled that "stress and anxiety" constitute a cognizable injury satisfying the general requirement that a plaintiff suffer actual damages to recover under RESPA. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 18) at 7-8 (citing *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (construing the term "actual damages" broadly to allow the plaintiff to recover non-pecuniary damages)). Because Plaintiffs allege that BANA's failure to provide notice of transfer caused them emotional distress, Plaintiffs have satisfactorily pled actual damages under RESPA. The Court will not dismiss Plaintiffs' Count V RESPA claim.

IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 43) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE